

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DENISE ANN EHRHART,

    Plaintiff,

v.

THE LOCKFORMER COMPANY, a
division of MET-COIL SYSTEMS CORP.,
a Delaware corp., MESTEK, INC., a
Pennsylvania corp., and HONEYWELL
INTERNATIONAL INC., a Delaware corp.,

    Defendants.

No. 02 C 7068
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff Denise Ann Ehrhart alleges that due to the defendant corporations' negligence, she was exposed to the industrial solvent trichloroethylene ("TCE") as a child and young adult and developed kidney disease as a result of that exposure. After several years of litigation, Ehrhart and other plaintiffs alleging similar injuries reached a settlement with two of the three corporations named as defendants in her suit: The Lockformer Company ("Lockformer"), a division of Met-Coil Systems Corp. ("Met-Coil"), and Mestek, Inc. ("Mestek"). The only remaining Defendant, Honeywell International, Inc., ("Honeywell"), now seeks summary judgment on the ground that Ehrhart has not disclosed and cannot offer her alleged TCE exposure.

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(c)*. A genuine issue of material fact exists when there is evidence on the basis of

which a reasonable jury could find in the plaintiff's favor, allowing for all reasonable inferences drawn in a light most favorable to the plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Rule 56(c) requires the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Despite Ehrhart's vigorous efforts to ensure that Defendant Honeywell remained a party to the suit,[1] she failed to file a response to Honeywell's Motion for Summary Judgment or a Statement of Material Facts pursuant to Local Rule 56.1. The result of this failure is dire, as all of Defendant's facts are deemed admitted. *L.R. 56.1(b)(3)(B); see also Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000) ("the penalty for failing to properly respond to a movant's 56.1(a) statement is usually summary judgment for the movant . . . because the movant's factual allegations are deemed admitted"). Ehrhart's failure to respond is all the more troublesome given the state of the record. Ehrhart withdrew her sole medical causation expert, Dr. Alan Hirsch, after Defendants objected to Dr. Hirsch's qualifications at the close of discovery.[2] Defendant

---

[1] On September 22, 2004, I entered an order finding a good faith settlement between Plaintiff and Defendants MetCoil and Mestek. Defendant Honeywell was not a party to the settlement. Nonetheless, on November 22, 2004, I entered an order dismissing the case with prejudice. Shortly thereafter, Ehrhart moved to amend the November 22 dismissal order pursuant to Rule 60, arguing that the inclusion of Defendant Honeywell in the order was an inadvertent mistake. After hearing oral arguments, I agreed with Ehrhart, granted her Rule 60 motion, and set a briefing schedule for Defendant Honeywell's Renewed Motion for Summary Judgment.

[2] Defendants moved to exclude Dr. Hirsch after discovery ended. Ehrhart did not respond in writing, but withdrew Dr. Hirsch as an expert witness at an October, 2003 hearing. In November, Ehrhart sought leave to supplement her Rule 26(a)(2) disclosures in order to add another expert. I granted the motion, but almost immediately vacated the ruling on Defendant

Honeywell argues that absent expert testimony, Ehrhart has no admissible evidence that might demonstrate a causal link between their injuries and Defendant's alleged conduct.

In her Complaint, Ehrhart seeks compensation for her disease, her alleged increased risk of cancer and her fear of contracting cancer. Generally, a plaintiff in a negligence action bears the burden of proving duty, breach of duty, proximate causation and damages. *Brown v. Baker*, 672 N.E.2d 69, 71 (Ill. App. Ct. 1996). Generally, a plaintiff must establish proximate cause in a personal injury action through the admissible testimony of an expert witness. *Kane v. Motorola, Inc.*, 779 N.E.2d 302, 310 (Ill. App. Ct. 2002) ("plaintiffs . . . must come forward with scientific evidence regarding causation to preclude the entry of summary judgment"); *Wintz v. Northrop Corp.*, 110 F.3d 508, 515 (7th Cir. 1997) ("[u]nder Illinois law, to serve as the sole basis for a conclusion that an act was the proximate cause of the plaintiff's injury, an expert must be able to testify with a reasonable degree of medical certainty that proximate cause existed"). Summary judgment for the defendant is appropriate when a plaintiff cannot prove proximate cause. *Kane*, 779 N.E.2d at 310-11; *Wintz*, 110 F.3d at 515-16.

Ehrhart claims that her kidney disease, diagnosed as focal segmental glomerulosclerosis, was caused by TCE exposure, but offers no evidence to that effect. Without Dr. Hirsch's testimony, Ehrhart's sole medical testimony is that of her treating physicians, Drs. Osanloo and O'Regan. In his deposition, Dr. Osanloo offered his opinion that Ehrhart suffers from primary focal segmental glomerulosclerosis, which is idopathic: *i.e.*, it has no known cause. Dr. Osanloo will not offer an opinion that Ehrhart's condition was caused by TCE. Dr. O'Regan, who treated

---

Mestek's motion. Thereafter, expert discovery was stayed while the parties pursued settlement. Since Defendant Honeywell renewed its motion for summary judgment, Ehrhart has not sought leave to disclose an expert witness.

Ehrhart and performed her kidney transplant in March 2002, stated in his deposition that he does not hold an opinion based on a reasonable degree of medical certainty as to the cause of Ehrhart's disease. In sum, these two physicians neither formed nor disclosed opinions establishing a causal connection between Ehrhart's kidney disease and TCE exposure. There is no other evidence in the record before me that raises a genuine issue of material fact with respect to the proximate cause of Ehrhart's condition.

In *Porter v. Whitehall Labs., Inc.*, 9 F.3d 607 (7th Cir. 1993), the plaintiff administratrix filed suit against drug manufacturers, alleging that the defendants' drugs had caused the decedent's renal failure and death. The defendants successfully moved for summary judgment after the district court excluded the plaintiff's expert witness pursuant to *Daubert*. Affirming the district court's decision, the Court of Appeals of the Seventh Circuit held that the district court correctly concluded that "expert testimony is necessary to determine the cause of Mr. Porter's renal failure." *Id.* at 612 (observing first that under Indiana law, a plaintiff "must prove every element of a prima facie case, including causation"). As with the plaintiff in *Porter*, Ehrhart's failure to offer expert testimony establishing Defendant's conduct as the proximate cause of her kidney disease warrants summary judgment of her claim.

Ehrhart also seeks damages for the alleged increased risk of developing cancer in the future as a result of her exposure to TCE. Illinois law now recognizes a cause of action for increased risk of future harm. *See Dillon v. Evanston Hosp.*, 199 Ill. 2d 483 (2002). A plaintiff who seeks damages for the increased risk of future injury must "prove that the defendant's negligence increased the plaintiff's risk . . . ". *Id.* at 504. *See also Liebig-Grigsby v. United States*, No. 00 C 4922, 2003 U.S. Dist. LEXIS 3682 at *49-51 (N.D. Ill. Mar. 11, 2003)

(declining to award damages for risk of future complications when plaintiff "offered no proof of this risk"). I have already ruled that by failing to respond to Defendant's motion for summary judgment, Ehrhart cannot prove that Defendant's actions proximately caused her present injury. Similarly, there are no facts in the record before me that establish Defendant's actions as the proximate cause of Ehrhart's increased risk of future harm. Moreover, the excerpts of Dr. Osanloo's and Dr. O'Regan's deposition testimony fail to discuss either Ehrhart's risk of future injury or the reasonable probability that Defendant's actions increased her risk of suffering future injury.[3] Defendant is entitled to summary judgment on this claim.

Finally, Ehrhart seeks compensation for her fear of future injury. Under Illinois law, a plaintiff alleging a fear of future injury as a result of exposure to a toxic substance must establish actual exposure to the harmful agent. *See Majca v. Beekil*, 183 Ill. 2d 407, 420 (1998). In her Complaint, Ehrhart alleges that she consumed contaminated groundwater from the well on her property. Because of Ehrhart's failure to respond to Defendant's Motion for Summary Judgment and to submit a Rule 56.1 Statement of Material Facts, there are no facts in the record before me to support her allegation of actual exposure to TCE. Defendant is entitled to summary judgment on this claim.

---

[3] In his deposition, Dr. O'Regan stated that after Ehrhart was diagnosed with end-stage renal disease, he successfully performed a kidney transplant. Dr. O'Regan indicated that Ehrhart did not suffer post-transplant rejection episodes and opined that Ehrhart's prognosis was "excellent" at the time the transplant was completed. Dr. O'Regan believed that Ehrhart's current prognosis was "excellent," assuming that Ehrhart complies with her anti-rejection medication regime.

For these reasons, Defendant Honeywell's Motion for Summary Judgment as to all claims is GRANTED.[4]

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: August 2, 2005

---

[4] It is true that two Defendants settled with Plaintiff on the basis of the same allegations made here. Some may believe that because the other Defendants settled there must be at least some evidence to prove the validity of Plaintiff's claims. But this is not so. Defendants routinely settle suits that they might otherwise win and they do so for a variety of reasons. Moreover, even if a court could draw an inference from the actions of a settling defendant that there was a good basis in fact for a plaintiff's claim, the law has turned its face from such inferences by requiring that the case against each defendant be decided on its own merits. Cases such as this one are really three separate lawsuits, and Plaintiff must prove her case against each Defendant individually.